**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Brian Garcia, | |
| Plaintiff, | 19 CV 2518 |
| vs. | Hon. Virginia M. Kendall |
| C.C.D.O.C. Officer Richard, C.C.D.O.C. Officer Allen, and C.C.D.O.C. Officer Tom Dart, | Magistrate Judge Maria Valdez |
| Defendants. | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Officer Hardy Richard, and Officer Brian Allen ("Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, SAMUEL COMI, submit the following answer and affirmative defenses to the complaint of Plaintiff, Brian Garcia ("Plaintiff"):

1. On or about September 19, 2017 Plaintiff was arrested by Alsip Police Department. Plaintiff was then placed into custody at Cook County on September 21, 2017. On 1-03-18 Plaintiff was housed in the medical unit, Division 8, RTU 3-F (Due to having a fractured skull from an unrelated injury). During Plaintiff's time living in Division 8, RTU, 3F, Plaintiff had several problems/arguments with inmate Deon Clopton #20161203194 and Plaintiff made a request to Officer Richard and Officer Allen to be moved to a different living unit because he was in fear for his safety and wanted to avoid problems. Plaintiff was told by both Officer Richard and Officer Allen that ((he couldn't pick and choose where he was housed and for him to deal with it.))

**ANSWER**: Defendants admit that Plaintiff was housed on Division 8, RTU on January 3, 2018. Defendants admit that Deon Clopton was housed on the same tier with Plaintiff. Defendants deny that Plaintiff asked to be moved out of fear for his safety. Defendants lack knowledge to admit or deny the remaining allegations in Paragraph 1.

2. On 2-13-18 Plaintiff once again got into another verbal altercation with inmate Deon Clopton #20161203194 while plaintiff was sitting down in a chair. Both Officer Richard and Officer Allen were present during this altercation.

**ANSWER**: Defendants admit the allegations contained in paragraph 2.

3. Deon Clopton then began to verbally threaten Plaintiff (saying that he was going to physically assault plaintiff) while both officers sat there listening to Cloptons threathes and doing nothing to stop it.

**ANSWER**: Defendants admit to being present for the verbal altercation, but deny hearing threats and deny doing nothing to stop the altercation from escalating.

4. Plaintiff then began to once again fear for his safety and put on his shoes.

**ANSWER**: Defendants admit that Plaintiff put on his shoes, but lack knowledge to admit or deny the remainder of the allegation in paragraph 4.

5. Inmate Clopton and Plaintiff then began to exchange words which turned into a psychical altercation. Inmate Clopton knocked Plaintiff down to the ground and began to psychically punch plaintiff in the face and head over 20 times.

**ANSWER**: Assuming that Plaintiff intended "psychical" and "psychically" to respectively mean "physical" and "physically," Defendants admit the allegations in paragraph 5.

6. During this assault/beatdown, both Officer Richard and Officer Allen were both literally standing a few feet away watching it happen.

**ANSWER**: Defendants admit the allegations to the extent that they allege that Defendants were present during a physical altercation between Plaintiff and Deon Clopton. Defendants deny the remainder of the allegations in paragraph 6.

7. Plaintiff was on the ground with Deon Clopton on top of Plaintiff punching his face & head while Plaintiff was yelling and screaming for help.

**ANSWER**: Defendants admit that Plaintiff was on the ground with Deon Clopton on top of him punching his head area. Defendants deny the remaining allegations in paragraph 7.

8. Both Officer Richard and Officer Allen ignored Plaintiff's pleas. Both Officers did nothing to help. Both Officers stood there watching inmate Clopton beat Plaintiff without doing anything to stop it.

**ANSWER**: Defendants deny the allegations in paragraph 8.

9. Finally after punching Plaintiff in the face over 20 times, inmate Clopton got off of Plaintiff while other officers/backup began to arive.

**ANSWER**: Defendants admit the allegations in paragraph 9.

10. There are several video cameras on the living unit 3-F, division 8 RTU, that record at all times that will clearly show the assult as well as clearly show both Officer Richard and Officer Allen both just standing there watching it happen.

**ANSWER**: Defendants admit to the existence of video cameras on the tier and the existence of recordings from such cameras of the altercation between Deon Clopton and Plaintiff. Defendants deny the remainder of the allegations contained in paragraph 10.

11. Officer Richard and Officer Allen did not try to pull inmate Clopton off of Plaintiff.

**ANSWER**: Defendants admit the allegations contained in paragraph 11.

12. Officer Richard and Officer Allen did not try to use their mace in order to stop inmate Clopton from beating plaintiff.

**ANSWER**: Defendants admit that they did not attempt to use mace to stop the altercation between inmate Clopton and Plaintiff.

13. Both officers just stood there watching it happen without doing anything to help Plaintiff.

**ANSWER**: Defendants deny the allegations in paragraph 13.

14. Plaintiff was then taken to Stroger Hospital where he had to receive stitches above his eye because it was busted open and bleeding. Plaintiff also had other injuries such as several cuts inside his mouth, two black eyes, as well as several knots, bruises and cuts.

**ANSWER**: Defendants admit that Plaintiff was injured in the altercation with Deon Clopton. Defendants lack knowledge to admit or deny the scope of such injuries.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's complaint, Defendants allege the following separate affirmative defenses against Plaintiff.

### I.
### Qualified Immunity

6. With respect to the Plaintiff's claims, the individual defendants Hardy Richard and Brian Allen did not cause the deprivation of any constitutional rights of Plaintiff.

7. The conduct of Defendants was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

8. Accordingly, Defendants are all entitled to the defense of qualified immunity.

### II.
### Failure to Mitigate

9. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendants hereby demand a jury trial.

WHEREFORE, based on the foregoing, Defendants, Hardy Richard and Brian Allen, deny that Plaintiff is entitled to any relief, including but not limited to, damages, costs and attorneys' fees. Defendants pray that this Court grant judgment in favor of the Defendants and against the Plaintiff on all counts, and further requests that this Court grant judgment in favor of the Defendants and against the Plaintiff for costs, attorneys' fees and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Samuel J. Comi*
Samuel J. Comi
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-7780

**CERTIFICATE OF SERVICE**

I, Samuel J. Comi, hereby certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the *Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint* was served via regular U.S. Mail with proper postage paid on October 23, 2019.

                                              */s/ Samuel J. Comi*

                                              Samuel J. Comi

**Service List:**

**Brian Garcia**
R-13006
Menard-MND
P.O. Box 1000
Menard, IL 62259